Kenny C. BOHANAN, Plaintiff–
Appellant,

v.

DOUBLE WALL CONSTRUCTION, INC., a Washington business corporation; Gary P. Murphy, individually and the marital community comprised thereof; Vicki Murphy, individually and the marital community comprised thereof, Defendants–Appellees.

No. 99–35052.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 13, 2000.[1]

Decided Jan. 16, 2001.

---

Kleinfeld, Circuit Judge, concurred in result and filed opinion.

Before FERGUSON, KLEINFELD, and HAWKINS, Circuit Judges.

2. This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM[2]

Bohanan appeals from the district court's denial of attorneys' fees under 29 U.S.C. § 216(b). The district court determined that the parties had settled all claims, including any claim for attorneys' fees. Bohanan admitted accepting $1,000 from the defendants and admitted signing a release which covered "any and all claims, liens and or damages pending or in the future." The district court's conclusion that the parties had settled was adequately supported by the record.

Settlement agreements are contracts, which a federal court interprets by looking to the contract law of the state in which it sits. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir.1990). The court's interpretation of the settlement release was not erroneous. *Chadwick v. Northwest Airlines, Inc.*, 33 Wash.App. 297, 654 P.2d 1215, 1217 (Wash.App.1982) (a "release generally extends to all matters within the parties' contemplation at the time it is executed").

The fact that the defendants, who were unrepresented at the time, negotiated the settlement directly with Bohanan does not render the settlement unenforceable. *See In re Patterson*, 93 Wash.App. 579, 969 P.2d 1106 (Wash.App.1999). Bohanan has not alleged any facts that would support a claim of duress or fraud or otherwise justify setting aside the settlement.

AFFIRMED.

KLEINFELD, Circuit Judge, concurring.

I concur in the result. The district court decision was without prejudice to any claims the attorney might have in his

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

own name and on his own behalf in state court, whether against his client, or against the defendants for tortious third party interference with valid contractual relations. *See Calbom v. Knudtzon,* 65 Wash.2d 157, 396 P.2d 148, 151 (Wash. 1964).

* The Honorable William W Schwarzer, Senior District Judge, United States District Court for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.